**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


STACEY BATES                                                         PLAINTIFF

v.                                                  Civil Action No. 3:03-cv-821WS

WAL-MART STORES, INC.,
a Delaware Corporation                                              DEFENDANT


<u>**ORDER GRANTING SUMMARY JUDGMENT**</u>

Before the court is defendant's "Amended Motion for Summary Judgment Due to

New Case Law and for Newly Discovered Evidence."  In her Complaint, plaintiff Stacey

Bates alleges that defendant Wal-Mart Stores, Inc., ("Wal-Mart") was negligent in

maintaining the safety of its premises;  that because of said negligence, she, an invitee,

was abducted from Wal-Mart's parking lot and harmed.  Earlier, this court denied Wal-

Mart's motion for summary judgment, finding that this lawsuit presented genuine issues of

disputed fact which prevented a grant of summary judgment.  Now, the defendant re-

urges a motion for summary judgment, again under Rule 56(b)[1] and (c),[2] Federal Rules of

Civil Procedure, but on a different ground, one the defendant contends was just

---

[1]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a]
party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time,
move with or without supporting affidavits for a summary judgment in the party's favor as to all or
any part thereof."

[2]Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the
following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if
> any, show that there is no genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of law.

discovered.  This alleged evidence, labeled a "*Notification of Restriction from Property*,"
purports to show that plaintiff was barred from all Mississippi Wal-Mart property and was
therefore a trespasser, not a business invitee, at the time of the events alleged in her
Complaint.  In its re-newed motion for summary judgment, defendant contends that
plaintiff's proof wholly fails to establish any breach of duty Wal-Mart owed to a trespasser.
 Plaintiff, as before, opposes the motion.

This court's subject matter jurisdiction over this lawsuit is predicated on diversity of
citizenship, Title 28 U.S.C. § 1332.[3]  The parties are diverse in citizenship and the amount
in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Since this
court's jurisdictional grant is diversity of citizenship, this court applies the substantive law
of the State of Mississippi to this dispute.  *Erie R.R. Company v. Tompkins*, 304 U.S. 64,
58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Having considered the arguments of counsel, this court reaches the following
decisions:  first, that defendant's submission of its amended motion for summary
judgment is timely since defendant, acting prudently, only recently discovered the newly
submitted evidence;  and secondly, that this newly discovered evidence supports a grant
of summary judgment in favor of the defendant.

## I. **Background Facts**

According to plaintiff's Complaint, on January 4, 2002, plaintiff was abducted from
the defendant's parking lot by two males, and was then raped.  The Complaint alleges

---

[3]Title 28 U.S.C. § 1332 provides in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the
matter in controversy exceeds the sum or value of $75,000, exclusive of interest
and costs, and is between – (1) citizens of different States; ... .

that defendant Wal-Mart Stores, Inc., breached its duty to plaintiff as a business invitee in that Wal-Mart did not provide for the safety of plaintiff, its patron.

The defendant challenged plaintiff's Complaint by its motion for summary judgment filed pursuant to Rule 56(b) and (c), Federal Rules of Civil Procedure.[4]  On July 27, 2004, this court, finding genuine issues of material fact, denied defendant's motion for summary judgment.

Subsequent to this court's denial of summary judgment, and during the time defense counsel was preparing for trial, defense counsel learned plaintiff had been arrested on April 21, 2000, and convicted on May 2, 2000, of the crime of shoplifting at a Jackson, Mississippi, Wal-Mart.  The Wal-Mart which is the focus of the current lawsuit from where plaintiff says she was abducted is located in Hazlehurst, Mississippi.

Defense counsel learned more.  He discovered that when taken into custody on April 21, 2000, plaintiff signed a "*Notification of Restriction from Property*."  Plaintiff agreed in this form that should she be found on any Wal-Mart property, she could be prosecuted for criminal trespass.

During discovery, plaintiff withheld this information when she was deposed and when she submitted answers to interrogatories.  Although plaintiff acknowledges that she had signed the form, at no time did plaintiff provide this form to counsel for Wal-Mart. Further, throughout this litigation, in spite of plaintiff's signature on this form, she has continued to characterize herself before the court as an invitee.

Defense counsel notified plaintiff's counsel of its discovery of the *"Notification of Restriction from Property*," and on August 12, 2005, filed an amended motion for

---

[4]See footnotes 1 and 2.

3

summary judgment **[docket # 52]**.  During oral argument on defendant's renewed motion for summary judgment, plaintiff's counsel disclaimed any knowledge of the form's existence before being notified by defense counsel.

Plaintiff filed a response in opposition **[docket # 55]** on August 26, 2005.  In this response, plaintiff alleges that defendant's delay in presenting this evidence "amounts to manifest injustice to Plaintiff's counsel, the plaintiff, and the court."[5]  Plaintiff asks this court to bar the defendant from using this evidence at trial or, in the event this court dismisses this lawsuit, require the defendant to pay attorney's fees and costs for its tardiness in raising this objection.

## II. <u>Summary Judgment Jurisprudence</u>

The jurisprudence of Rule 56 is clear:  any party, whether plaintiff or defendant, may move the court for a judgment in its favor if the material facts are undisputed and if the applicable law directs a verdict for the movant.  *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004);  *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980).  The court's first task, when faced with a Rule 56 motion, is to determine whether any material facts are in dispute.  *Am. Home Assurance Co.*, 378 F.3d at 486.  Both parties here are in agreement that plaintiff was a trespasser at the time the alleged events occurred, and that no material facts are in dispute.

The court next turns to the applicable law.  Federal subject matter jurisdiction in this case is proper under Title 28 U.S.C. § 1332.[6]  The plaintiff, Stacey Bates, is a citizen

---

[5]Plaintiff's <u>Response in Opposition to Amended Motion for Summary Judgment</u> *Due to New Case Law and Newly Discovered Evidence*, p. 7.

[6]Title 28 U.S.C. § 1332(a)(2) provides as follows: "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

4

of the State of Mississippi;  the defendant, Wal-Mart Stores, Inc., is incorporated in the State of Delaware with a principal place of business in the State of Arkansas.  As such, complete diversity exists between all parties.  Further, the amount in controversy exceeds the requisite amount of $ 75,000, exclusive of interest and costs.  Inasmuch as this court's jurisdictional grant is diversity of citizenship, this court is obligated to apply the substantive law of the State of Mississippi to this dispute.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).  This court will apply the procedural law of the federal courts.

### III.  Premises Liability Analysis

Mississippi courts apply a three-step analysis to any premises liability claim. *Leffler v. Sharp*, 891 So.2d 152, 156 (Miss. 2005) (citing to *Massey v. Tingle*, 867 So.2d 235, 239 (Miss. 2004);  *Titus v. Williams*, 844 So.2d 459, 467 (Miss. 2003)).  Under this three-step analysis, the court:  (1) determines the status of the injured party as that of either an invitee, licensee, or trespasser;  (2) identifies, based on the party's status, the duty which was owed to the injured party;  and, (3) analyzes whether the landowner or business operator breached this duty.  *Id.*

A.  *Status of the Injured Party*

The Mississippi Supreme Court has defined status of an individual as follows:

> "an *invitee* is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage . . . A *licensee* is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner whereas a *trespasser* is one who enters upon another's premises without license, invitation, or other right."

*Id.* (quoting *Corley v. Evans*, 835 So. 2d 30, 37 (Miss. 2003)(internal cites omitted).  A trespasser enters another's property without any lawful right or authority, and not in the

5

performance of a duty to, or on the business of, the owner or person in charge.  *Massey*, 867 So.2d at 239.  The trespasser thus acts without any assurance of safety, express or implied, from the owner or person in charge.  *Id.* (internal cites omitted).  Status is ordinarily a factual determination for the jury or other trier of fact.  *Hudson v. Courtesy Motors, Inc.*, 794 So.2d 999,1003 (Miss. 2001);  however, when the essential facts are undisputed, the status of an injured party is a question of law, to be determined by the trial judge.  *Leffler*, 891 So.2d at 159.  *See also Little ex rel. Little v. Bell*, 719 So.2d 757, 760-61 (Miss. 1998).

B.  *Duty Owed Determined by Status*

The owner or operator of a premises does not insure the safety of an invitee, but does owe a two-fold affirmative duty: the duty to maintain the premises in a reasonably safe condition; and the duty to warn of hidden danger.  *Id.* at 157.  This duty to warn does not extend to an open and obvious danger, even if the owner "failed to make the premises reasonably safe."  *Massey*, 867 So.2d at 240.  A lesser duty is owned to licensees or trespassers; for each, it is only the duty to "refrain from willfully or wantonly injuring them."  *Id.* at 239.

C.  *Breach of Duty*

The plaintiff in the case *sub judice* initially claimed the status of an invitee.  In order to be classified as an invitee, plaintiff must possess an express or implied "invitation to enter the owner's premises" for the party's mutual benefit or advantage."  *Leffler*, 891 So.2d at 157.  It is undisputed that new evidence has established the plaintiff has been banned from Wal-Mart property.  The plaintiff had no invitation nor lawful right to enter

6

upon Wal-Mart's premises and, thus, is barred from asserting defendant has breached the duty owed an invitee.

Plaintiff knowingly entered upon Wal-Mart property in violation of a ban against doing so; as such, plaintiff at the time of injury had the status of a trespasser.  Wal-Mart has a duty not to willfully or wantonly injure a trespasser.  *Id.* at 159.  Breach of this duty requires an extreme departure from the ordinary standard of care, which differs in both quality and degree from ordinary negligence that involves a "conscious disregard of a known serious danger."  *Id.* (quoting *Hoffman v. Planter's Gin Co.*, 358 So.2d at 1012-13).  No claim made or facts pled in this case seek to establish that Wal-Mart has breached this duty owed to a trespasser.

## IV.  Holding

Mississippi statute,[7] Miss. Code Ann. § 97-23-17, grants Wal-Mart Stores, Inc., the right and authority to ban plaintiff from Wal-Mart property, as it did on April 21, 2000, in response to plaintiff's shoplifting activity.  Plaintiff does not dispute that she entered upon Wal-Mart's premises in violation of this ban.  These undisputed facts persuade this court as a matter of law, namely under Miss. Code Ann. § 97-17-97,[8] that plaintiff's status on the day of the events alleged in the complaint was that of a criminal trespasser on Wal-

---

[7]Miss. Code Ann. § 97-23-17 grants to every corporation engaged in public business the authority to "refuse to sell to, wait upon or serve any person that the owner, manager, or employee of such public place of business does not desire to sell to, wait upon, or serve."

[8]Miss. Code Ann. § 97-17-97 provides that "if any person or persons shall without authority of law go into or remain in or upon any building, premises or land of another . . . after having been forbidden to do so, either orally or in writing . . ., such person or persons shall be guilty of a misdemeanor, and upon conviction thereof shall be punished . . ."

7

Mart property.  Another statute, Miss. Code Ann. § 97-17-103(2),[9] addressing criminal trespassers, bars plaintiff from any recovery here against defendant herein.  That statute specifically shields victims of trespass, as Wal-Mart is here, from civil liability.

Argument by plaintiff's counsel that this new evidence should be barred as untimely overlooks the greater issue.  This court cannot allow  plaintiff to prosecute a claim based upon a legal business invitee status that she is not entitled to assert.

Further, this court finds that plaintiff has not asserted a claim that Wal-Mart has breached the duty owed to a trespasser.  In the absence of any claim or factual evidence of such breach, plaintiff cannot assert any basis for liability against Wal-Mart.

This court rejects plaintiff's argument that an award of attorney's fees to the plaintiff's counsel is merited.  This court has no evidence that Wal-mart either negligently or intentionally withheld this evidence to the detriment of plaintiff's counsel.  The facts point to the contrary, that Wal-Mart made this evidence known to plaintiff's counsel promptly upon discovery.

Further, Wal-Mart's late discovery of the _Notification of Restriction from Property_ which revealed plaintiff's status as trespasser is attributable in part to plaintiff's failure to disclose this information in discovery proceedings.  Considerable time and effort were expended by counsel for both parties, as well as the court, in preparing this case for trial. If this expenditure amounts to a manifest injustice, as plaintiff claims, plaintiff's own lack of candor is certainly to blame and Wal-Mart should not be expected to assume that cost.

---

[9]Miss. Code Ann. § 97-17-103(2) provides that a criminal trespasser "assumes the risk of loss, injury or death resulting from or arising out of a course of criminal trespass," so that the victim of the trespass is "immune from and not liable for any civil damages as a result of acts or omissions of the victim."

## V.  <u>Conclusion</u>

Having applied the appropriate juridical principles to the undisputed material facts of this lawsuit, this court is persuaded to grant Summary Judgment to Wal-Mart Stores, Inc.  In light of the newly discovered evidence clearly establishing plaintiff's status as trespasser at the time of the alleged events, plaintiff has no evidentiary support for her lawsuit under her proof burden and pursuant to the legal shielding allowed Wal-Mart under § 97-17-103(2).  This court is similarly persuaded to deny plaintiff's motion for attorney's fees, finding no basis for sanctions against Wal-Mart Stores, Inc.

**SO ORDERED AND ADJUDGED, this the 11th day of January, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:03-cv-0821WS
Order